UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00372-KDB

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **RON MCQUAY GARLAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. 108].

## I. BACKGROUND

A jury found the Defendant guilty of two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts Three and Seven), two counts of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts Five and Nine), two counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Four and Eight), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Eleven). [Doc. 64: Verdict]. He was sentenced to 151 months' imprisonment for Counts Three, Five, Seven, and Nine; 120 months, consecutive, for Count Eleven; 84 months, consecutive, for Counts Four and Eight; and a total of five years of supervised release. [Doc. 77: Judgment]. The Fourth Circuit Court of Appeals affirmed the Judgment on June 25, 2024. [Doc. 95]. The Defendant did not petition the Supreme Court for a writ of certiorari.

In September 2025, the Court received a Motion seeking an extension of time in which to file a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 98]. The Court denied relief for lack

of jurisdiction on September 22, 2025. [Doc. 99].

On October 20, 2025,[1] the Defendant filed a § 2255 Motion to Vacate, arguing that counsel was ineffective for failing to file a motion to suppress cell-site location information which was gathered without a warrant. [Doc. 100]. On October 24, 2025, the Court ordered the Defendant to demonstrate why his Motion to Vacate should not be dismissed as time-barred, and to correct additional deficiencies within 20 days. [Doc. 102]. He was cautioned that "failure to do so may result in dismissal of the petition without further notice…." [Id. at 4]. The Defendant failed to respond and, on November 24, 2025, the Court dismissed the Motion to Vacate with prejudice as time-barred. [Doc. 103]. The Defendant did not appeal.

The Defendant then requested a sentence reduction pursuant to several sentencing guideline amendments, which was denied on April 8, 2026. [Docs. 104, 106].

The Defendant filed the instant § 2255 Motion to Vacate on September 28, 2026.[2] [Doc. 108]. He argues that (renumbered and restated): (1) introduction of DNA buccal swab evidence through a surrogate expert at trial violated the Confrontation Clause; (2) trial counsel was ineffective for failing to object to the surrogate expert's testimony as hearsay, failing to object that Court failed to define the second element of Hobbs Act robbery, and failing to object that the Indictment did not charge, and there were no findings, that the Defendant was a prohibited person for purposes of § 922(g); (3) appellate counsel was ineffective for failing to raise the issues in claim 2 on direct appeal, and for failing to argue that the Defendant had a Second Amendment right to possess a firearm; (4) the Defendant is actually innocent of the offenses; and (5) cumulative

[1] The Court relied on the docketing date because the Defendant did not certify the date upon which he placed the Motion to Vacate in the prison's mail system. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[2] This is the date when Defendant certifies that he placed the Motion to Vacate in the prison mail. See Note 1, *supra*.

errors resulted in a miscarriage of justice. [Id.; Doc. 108-1]. He contends that his Motion to Vacate should be considered timely under the actual innocence exception, and that the untimely filing is due to circumstances outside of his control *i.e.* the federal Bureau of Prisons prevented him from accessing his legal files until May 2026, and delayed his access to a law library. [Id. at 11; id. at 8]. The Defendant argues that he filed a motion to recall the mandate[3] and a motion to vacate "with diligence" upon receiving his legal files. [Doc. 108 at 11]. He asks the Court to vacate his convictions and sentences, and to conduct an evidentiary hearing. [Id. at 12].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed

[3] The Court is unable to locate any such motion in Fourth Circuit Case No. 21-4656. See Fed. R. Ev. 201.

with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

The Defendant has already filed a § 2255 Motion to Vacate which the Court denied on the merits. [Doc. 103]; see Rudisill v. United States, 1:10-cv-253-MR, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). The Defendant has not been granted authorization to file a second § 2255 petition by the Fourth Circuit. Accordingly, the instant Motion to Vacate is an unauthorized successive § 2255 petition, and it will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Vacate is an unauthorized successive § 2255 petition that is dismissed for lack of jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Doc. 108] is an unauthorized successive § 2255 petition, and it is **DISMISSED** for lack of jurisdiction.
2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy

§ 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: October 21, 2026

Kenneth D. Bell
United States District Judge